AMSTERDAM FEDERAL SAVINGS AND LOAN ASSOCIATION, Respondent, v. DONALD T. PERRETTA et al., Respondents, and SAMUEL CHASE, Appellant.— Appeal (1) from a judgment of foreclosure and sale made by Supreme Court, Montgomery County, entered November 1, 1950, and (2) from an order of the same court at Special Term denying a motion for an order to modify said judgment, entered November 22, 1950. An adequate determination of the rights of the parties on this appeal requires a prompt trial and determination of the pending action brought by appellant Chase to foreclose his mechanic's lien. It is directed that this action be tried, or dismissed if the lienor fail to try it, at the Montgomery Term of the Supreme Court commencing May 14th. The prevailing party in that action will file with the clerk of this court a certified copy of the judgment entered. The appeal is continued to July 2d for a consideration of the effect of such judgment on this appeal. The referee in the mortgage foreclosure action is directed to adjourn the sale accordingly. Heffernan, J. P., Brewster, Deyo, Bergan and Coon, JJ., concur. [See *post*, p. 986.]

◼

In the Matter of the Application of WILLIAM BENNING, Appellant, for a Writ of Habeas Corpus to Determine the Custody of KATHRYN A. BENNING, an Infant. ARRILLIO NIGRO et al., Respondents.— Appeal by petitioner from an order of the Erie Special Term of the Supreme Court dismissing a writ of habeas corpus. Petitioner is the father of Kathryn Arlene Benning, an infant, born August 24, 1948. The infant's mother died in childbirth. After her death petitioner placed the infant in the custody of respondents who are her grandparents and her aunt. He remarried on April 9, 1949. When petitioner left his daughter with the grandparents and the aunt he left $20 for the support of the child and has contributed nothing toward her support since that time. Petitioner instituted this proceeding to obtain the custody of his daughter. The Special Term dismissed the writ, without prejudice for renewal of the application when the infant arrives at the age of four years. The order appealed from is modified, on the law and facts, so as to give petitioner the right to visit the child at all reasonable times and as so modified is affirmed, without costs. Foster, P. J., Heffernan and Bergan, J., concur; Brewster, J., dissents, in the following memorandum, in which Deyo, J., concurs: I dissent. There is nothing in this record to establish that the petitioner has abandoned his child or that her interests will best be served by depriving him of his paramount parental right of custody.